# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| LARRY RHEINLAENDER, | § | |
| --- | --- | --- |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 5:21-CV-125** |
| Vs | § | |
| | § | **JURY TRIAL DEMANDED** |
| WAL-MART STORES TEXAS, LLC, | § | |
| WAL-MART STORES, INC., and JOHN DOE | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

COMES NOW, LARRY RHEINLAENDER, Plaintiff in the above-styled and numbered cause, complaining of WAL-MART STORES TEXAS, LLC, WAL-MART STORES, INC., and JOHN DOE, Defendants, and for cause of action would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff Larry Rheinlaender is a resident and citizen of Texas and was so at the time of the subject incident. He brings this complaint on behalf of himself.

2. Upon information and belief Defendant John Doe is an employee of Wal-Mart Supercenter #3391, the location where the incident and injury occurred. John Doe's identity is, at this time, unknown to Plaintiff, despite Plaintiff's due diligence. John Doe is the employee that assembled the swing that caused Plaintiff's injury. John Doe failed to properly assemble the test or display swing, failed to warn Plaintiff and shoppers like Plaintiff that the swing was improperly assembled, failed to correct the unreasonably dangerous situation, and failed to follow store/company policies for test or display swings. John Doe's identity will be readily determinable in the due course of discovery in this cause, at which time, Plaintiff will amend his complaint pursuant to Rule 15(c)

1

of the Federal Rules of Civil Procedure upon discovery of the true identity of John Doe. At all times relevant, John Doe was in the course and scope of his employment with Wal-Mart Stores Texas, LLC and/or Wal-Mart Stores, Inc.

3. Defendant Wal-Mart Stores Texas, LLC is a foreign limited liability company incorporated under the laws of Delaware with its principal place of business in Arizona. Wal-Mart Stores Texas, LLC (hereinafter "Wal-Mart Texas") conducts business in Texas, engages in systematic and continuous contacts with the state of Texas, and derives substantial economic profits from its business activities in Texas. Wal-Mart Texas can be served with process by serving its registered agent CT Corporations Systems at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

4. Defendant Wal-Mart Stores, Inc. (hereinafter "Wal-Mart Inc"), is a foreign for-profit corporation authorized to do business in the State of Texas with its headquarters in Bentonville, Arkansas. Wal-Mart Inc can be served with process by serving its registered agent CT Corporations Systems at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

## II. JURISDICTION AND VENUE

5. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Texas. The incident made the basis of this lawsuit occurred in Bexar County, Texas, located in the San Antonio Division of the Western District of Texas.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

7. This Court has specific personal jurisdiction over the Defendants because Wal-Mart Texas and Wal-Mart Inc purposely directed their activities to Texas and the claims made in this litigation are the result of injuries that arise directly out of and relate to those activities. John Doe is also

subject to this Court's general and specific personal jurisdiction because his negligent acts caused the injury made the basis of this lawsuit and, upon information and belief, he is a United States citizen and resident of Texas. This action arises foreseeably from Defendants Wal-Mart Texas and Wal-Mart Inc's conduct following their purposeful choice to maintain retail stores in Texas, and their failure to exercise reasonable care while doing so. Defendants should have reasonably anticipated being haled into court in Texas given the substantial connection between their activities in Texas and the claims made in this lawsuit. Thus, this action seeks to adjudicate issues deriving directly from or connected directly with their activities in Texas, and this Court's personal jurisdiction over these Defendants in this action arises from that nexus. Defendants themselves created the contacts with Texas; they purposefully availed themselves of the privilege of conducting activities within Texas. Defendants have sufficient minimum contacts with the State of Texas to support the exercise of specific jurisdiction over them by a court in the forum state. Based upon the direct connection between the Defendants' activities in Texas and the claims made against them, as well as the minimum contacts each of them purposefully made with the State of Texas, the exercise of personal jurisdiction here is consistent with the Texas Long Arm statute and with due process; it does not offend traditional notions of fair play and substantial justice and is neither unfair nor unreasonable.

### III. FACTS

8. On or about March 7, 2019, Larry Rheinlaender was with his daughter at Wal-Mart Supercenter #3391, both invitees of Wal-Mart Supercenter #3391, a property controlled by Wal-Mart Texas and Wal-Mart Inc. In the Garden Center of Wal-Mart Supercenter #3391, Plaintiff and his daughter saw a four-foot-wide swing. Because there was no sign or employee advising otherwise, Plaintiff sat on the swing. Seconds later, Plaintiff was in the midst of putting his

daughter on his lap when the swing broke. Plaintiff fell, slamming onto the floor, where he felt immediate pain. After the fall, an employee showed Plaintiff that the "s" shaped hook was made of coat hanger wire, while the other side of the swing had a thicker bolt.

9. John Doe failed in his ongoing activity of assembling swings for testing or displaying, which actually and proximately caused injury to Plaintiff. Defendants Wal-Mart Texas and Wal-Mart Inc failed in their duty to appropriately hire, supervise, and train John Doe and failed in their duty to maintain a safe premises. Wal-Mart Texas and Wal-Mart Inc owned and/or occupied the building where the incident occurred. Wal-Mart Texas and Wal-Mart Inc assumed control over and responsibility for the design of Wal-Mart Supercenter #3391, the store where the incident occurred. Wal-Mart Texas and Wal-Mart Inc assumed control over and responsibility for John Doe's actions in the course and scope of his employment.

10. At all times material hereto, Defendants Wal-Mart Texas and Wal-Mart Inc controlled the policies and procedures for the maintenance of Wal-Mart Supercenter #3391, located at 6102 FM3009, Schertz TX 78154.

## IV. PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT, JOHN DOE

11. As is more fully described in numbered paragraphs 8, 9, and 10, Defendant, John Doe, was negligent and is liable for his acts or omissions which proximately caused the occurrence in question and the resulting personal, physical injuries and damages to Plaintiff set out below. John Doe's negligent work activity involved the active assembly of a hazardous test or display swing. John doe failed to exercise reasonable care in the assembly, maintenance, and/or exhibition of the swing. The swing's condition posed an unreasonable risk of harm and John Doe, Wal-Mart Texas, and Wal-Mart Inc failed to exercise reasonable care to reduce or eliminate that risk.

12. The negligent acts and omissions of Defendant John Doe pled in the alternative include:

a. Failed to use reasonable care to assemble the swing in question;

b. Failed to properly display written warning or give oral warning as to the swing's negligent assembly;

c. Failed to follow store/company policies and procedures to assemble the swing properly;

d. Failed to warn Larry Rheinlaender of the unsafe condition;

e. Failed to follow store/company policy on test or display product maintenance;

f. Failed to use reasonable care to prevent risk of harm on the premises;

g. Failed to use reasonable care to protect others from peril where the peril was under his control;

h. Failed to use reasonable care in taking affirmative action to control or avoid increasing danger from a condition that he created;

i. Failed to fix the improperly assembled swing on the day of the incident or before the day of the incident; and

j. Failed to inspect and/or patrol the premises and remove any dangerous condition, including the swing made the basis of this lawsuit.

13. Defendant John Doe is liable for his negligent conduct. He was in the course and scope of his employment with Wal-Mart Texas and Wal-Mart Inc when he assembled the swing. His negligent acts and omissions proximately caused the occurrence and Plaintiff's injuries.

14. All negligent acts and/or omissions described above proximately caused the injuries and damages described herein below to Plaintiff, which are incorporated herein by reference.

## V. PLAINTIFF'S CLAIM OF NEGLIGENCE AND *RESPONDEAT SUPERIOR* AGAINST DEFENDANT, WAL-MART TEXAS

15. As is more fully described in numbered paragraphs 8, 9, and 10 above, Defendant, Wal-Mart Texas was negligent and is liable under *respondeat superior*, and such acts or omissions were the proximate cause of the occurrence in question and the resulting personal, physical injuries and damages to Plaintiff set out below, in the operation of the business owned by Defendants Wal-Mart Texas and Wal-Mart Inc. Defendant, Wal-Mart Texas was not reasonable in the manner it acted or failed to act in the assembly and display of the swing that caused the injury made the basis of this lawsuit. Plaintiff's personal physical injuries and damages set out below were proximately caused by Defendant Wal-Mart Texas' acts and omissions. Defendant, Wal-Mart Texas owed a duty to exercise the degree of care that a reasonably prudent business would use to avoid harm to others under circumstances similar to those described herein and above. Wal-Mart Texas committed actions of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused both the injury in question and Plaintiff's damages.

16. The negligent acts or omissions of Defendant Wal-Mart Texas pled in the alternative include:

   a. Failed to provide for proper assembly of the swing in question;

   b. Failed to properly display written warning or give oral warning as to swing's negligent assembly;

   c. Failed to provide necessary and proper policies and procedures to assemble the swing properly;

   d. Failed to warn Larry Rheinlaender of the unsafe condition;

   e. Failed to enforce their policy on test or display product assembly;

   f. Failed to use reasonable care in properly training and monitoring its employees, agents, and/or contractors with respect to enforcing store/company policy;

g. Failed to control the conduct of its employees, agents, and/or contractors with respect to the enforcement of store/company policy;

h. Failed to use reasonable care in supervising its employees and/or agents' ongoing activities with respect to the enforcement of its test or display assembly policy;

i. Failed to use reasonable care to prevent its employees and/or agents from allowing an unreasonable risk of harm on its premises;

j. Failed to use reasonable care to protect others from peril where the peril is under their control;

k. Failed to use reasonable care in taking affirmative action to control or avoid increasing danger from a condition that has been created or allowed by their conduct, including the lack of enforcement of store/company policy;

l. Failed to exercise reasonable care in the control over its employees, agents, and/or contractors as it relates to the enforcement of store/company policy;

m. Failed to communicate proper instructions and procedures to its employees, agents and/or contractors regarding its store/company policy;

n. Failed to properly train its employees, agents, contractors, and/or subcontractors on the enforcement of the store/company policy;

o. Failed to fix the improperly assembled swing on the day of the incident or before the day of the incident; and

p. Failed to inspect and/or patrol the premises and remove any dangerous condition, including the swing made the basis of this lawsuit.

17. Defendant Wal-Mart Texas is liable for the conduct of its employees, agents, servants, contractors, and/or subcontractors under the doctrine of *respondeat superior*. Those employees, agents, servants, contractors, and/or subcontractors were acting in the course and scope of their employment or agency at all times material to the claims made in this cause. The actions and omissions by the Defendants through the actions of their agents, servants, contractors, subcontractors, and/or their employees proximately caused the occurrence and Plaintiff's injuries.

18. All negligent acts and/or omissions described above proximately caused the injuries and damages described herein below to Plaintiff, which are incorporated herein by reference.

## VI. PLAINTIFF'S CLAIM OF NEGLIGENCE AND *RESPONDEAT SUPERIOR* AGAINST DEFENDANT, WAL-MART INC

19. As is more fully described in numbered paragraphs 8, 9, and 10 above, Defendant, Wal-Mart Inc was negligent and is liable under *respondeat superior*, and such acts or omissions were the proximate cause of the occurrence in question and the resulting personal, physical injuries and damages to Plaintiff set out below, in the operation of the business owned by Defendants Wal-Mart Texas and Wal-Mart Inc. Defendant, Wal-Mart Inc was not reasonable in the manner it acted or failed to act in the assembly and display of the swing that caused the injury made the basis of this lawsuit. Plaintiff's personal physical injuries and damages set out below were proximately caused by Defendant Wal-Mart Inc's acts and omissions. Defendant, Wal-Mart Inc owed a duty to exercise the degree of care that a reasonably prudent business would use to avoid harm to others under circumstances similar to those described herein and above. Wal-Mart Inc committed actions of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused both the injury in question and Plaintiff's damages.

20. The negligent acts or omissions of Defendant Wal-Mart Inc pled in the alternative include:

   a. Failed to properly assemble the swing in question;

   b. Failed to properly display written warning or give oral warning as to swing's negligent assembly;

   c. Failed to provide necessary and proper policies and procedures to assemble the swing properly;

   d. Failed to warn Larry Rheinlaender of the unsafe condition;

   e. Failed to enforce their policy on test or display product assembly;

   f. Failed to use reasonable care in properly training and monitoring its employees, agents, and/or contractors with respect to enforcing store/company policy;

g. Failed to control the conduct of its employees, agents, and/or contractors with respect to the enforcement of store/company policy;

h. Failed to use reasonable care in supervising its employees and/or agents' ongoing activities with respect to the enforcement of its test or display assembly policy;

i. Failed to use reasonable care to prevent its employees and/or agents from allowing an unreasonable risk of harm on its premises;

j. Failed to use reasonable care to protect others from peril where the peril is under their control;

k. Failed to use reasonable care in taking affirmative action to control or avoid increasing danger from a condition that has been created or allowed by their conduct, including the lack of enforcement of store/company policy;

l. Failed to exercise reasonable care in the control over its employees, agents, and/or contractors as it relates to the enforcement of store policy;

m. Failed to communicate proper instructions and procedures to its employees, agents and/or contractors regarding its store/company policy;

n. Failed to properly train its employees, agents, contractors, and/or subcontractors on the enforcement of the store/company policy;

o. Failed to fix the improperly assembled swing on the day of the incident or before the day of the incident; and

p. Failed to inspect and/or patrol the premises and remove any dangerous condition.

21. Defendant Wal-Mart Inc is liable for the conduct of its employees, agents, servants, contractors, and/or subcontractors under the doctrine of *respondeat superior*. Those employees, agents, servants, contractors, and/or subcontractors were acting in the course and scope of their employment or agency at all times material to the claims made in this cause. The actions and omissions by the Defendants through the actions of their agents, servants, contractors, subcontractors, and/or their employees proximately caused the occurrence and Plaintiff's injuries.

22. All negligent acts and/or omissions described above proximately caused the injuries and damages described herein below to Plaintiff, which are incorporated herein by reference.

## VII. PLAINTIFF'S CLAIM OF NEGLIGENT HIRING, TRAINING, AND RETENTION OF JOHN DOE AGAINST DEFENDANT WAL-MART TEXAS

23. In addition to its vicariously liability to Plaintiff under *respondeat superior*, Defendant Wal-Mart Texas is directly liable to Plaintiff for its individual negligent acts and/or omissions.

24. Defendant Wal-Mart Texas knew, or through the exercise of reasonable care should have known, that John Doe, who assembled the swing, was careless, reckless, incompetent and/or unqualified or was not adequately trained regarding proper use, operation, assembly, and maintenance of the swing at issue. Defendant Wal-Mart Texas was negligent in its hiring, training, retaining, supervising, auditing, and/or disciplining of John Doe. All the negligent and/or grossly negligent acts and/or omissions described above proximately caused the injuries and damages the Plaintiff has suffered as detailed below.

25. Defendant Wal-Mart Texas was independently negligent in its/their hiring, training, retaining, monitoring, auditing, supervising, managing, dispatching, and/or disciplining of John Doe, who assembled the swing and in negligently entrusting the swing or its individual parts to him. Defendant Wal-Mart Texas owed a duty to use ordinary care in the hiring, training, retaining, monitoring, auditing, supervising, managing, dispatching, and/or disciplining of their employees or statutory employees, specifically John Doe, that businesses and/or companies use under the same or similar circumstances. Defendant Wal-Mart Texas breached this duty and was negligent by the following acts or omissions:

   a. Failed to use the reasonable care that a company would use in hiring, training, monitoring supervising, disciplining, managing, and/or retaining their employee or statutory employee, John Doe; and knew, or through the exercise of reasonable care, should have known that John Doe that assembled the swing was unqualified and/or incompetent to use, operate, maintain, and assemble a swing for test or display;

   b. Failed to use the reasonable care that a company would use in hiring, training, monitoring, supervising, disciplining, managing, and/or retaining its employee

or statutory employee by failing to properly qualify John Doe that assembled the swing;

c. Failed to use the reasonable care that a company would use in hiring, training, monitoring, supervising, disciplining, managing, and/or retaining its employee or statutory employee, John Doe, by failing to perform a proper and adequate background check and verification of employment history, criminal history, and driving record of John Doe that assembled the swing;

d. Defendant Wal-Mart Texas' safety management system failed with regard to qualifying, training, monitoring, and disciplining John Doe that assembled the swing and similar employees;

e. Defendant Wal-Mart Texas' safety management system failed with regard to auditing and disciplining its employees, including John Doe that assembled the swing, for safety violations; assembly violations; and unsafe acts in the use, operation, assembly, and maintenance of test or display swings;

f. Defendant Wal-Mart Texas failed to have adequate safety management controls in place to remove employees such as John Doe who posed a risk to the shopping public. Defendant Wal-Mart Texas knew or should have known of John Doe's consistent pattern of unsafe activity and failed to adequately discipline them. By failing to remove John Doe, Defendant Wal-Mart Texas ratified, authorized, condoned, and/or adopted his dangerous use, operation, assembly, and maintenance practices;

g. Defendant Wal-Mart Texas failed to have adequate safety management controls in place regarding the investigation of the incident made the basis of this lawsuit to determine the root cause and the appropriate disciplinary action;

h. Defendant Wal-Mart Texas failed to have adequate safety management controls in place to ensure John Doe was complying with safety regulations; and

i. Defendant Wal-Mart Texas failed to have adequate safety management controls in place to ensure John Doe that assembled the swing and other similar employees received and underwent training regarding the safe use and operation of test and display swings.

26. As a result of the negligence and/or gross negligence of Defendant Wal-Mart Texas, Plaintiff was caused to sustain severe and permanent personal injuries and damages as set forth herein.

## VIII. PLAINTIFF'S CLAIM OF NEGLIGENT HIRING, TRAINING, AND RETENTION OF JOHN DOE AGAINST DEFENDANT WAL-MART INC

27. In addition to its vicariously liability to Plaintiff under *respondeat superior*, Defendant Wal-Mart Inc is directly liable to Plaintiff for its individual negligent acts and/or omissions.

28. Defendant Wal-Mart Inc knew, or through the exercise of reasonable care should have known, that John Doe, who assembled the swing was careless, reckless, incompetent and/or unqualified or was not adequately trained regarding proper use, operation, assembly, and maintenance of the swing at issue. Defendant Wal-Mart Inc was negligent in its hiring, training, retaining, supervising, auditing, and/or disciplining of John Doe. All the negligent and/or grossly acts and/or omissions described above proximately caused the injuries and damages the Plaintiff has suffered as detailed below.

29. Defendant Wal-Mart Inc was independently negligent in its/their hiring, training, retaining, monitoring, auditing, supervising, managing, dispatching, and/or disciplining of John Doe, that assembled the swing and in negligently entrusting the swing to them. Defendant Wal-Mart Inc owed a duty to use ordinary care in the hiring, training, retaining, monitoring, auditing, supervising, managing, dispatching, and/or disciplining of their employees or statutory employees, specifically John Doe that assembled the swing made the basis of this lawsuit, that businesses and/or companies use under the same or similar circumstances. Defendant Wal-Mart Texas breached this duty and was negligent by the following acts or omissions:

> j. failed to use the reasonable care that a company would use in hiring, training, monitoring supervising, disciplining, managing, and/or retaining their employee or statutory employee, John Doe; and knew, or through the exercise of reasonable care, should have known that John Doe was unqualified and/or incompetent to use, operate, maintain, and assemble a swing for test and display;
>
> k. failed to use the reasonable care that a company would use in hiring, training, monitoring, supervising, disciplining, managing, and/or retaining its employee or statutory employee by failing to properly qualify John Doe;

l.  failed to use the reasonable care that a company would use in hiring, training, monitoring, supervising, disciplining, managing, and/or retaining its employee or statutory employee, John Doe, by failing to perform a proper and adequate background check and verification of employment history, criminal history, and driving record of John Doe;

m.  Defendant Wal-Mart Inc's safety management system failed with regard to qualifying, training, monitoring, and disciplining John Doe that assembled the swing and similar employees;

n.  Defendant Wal-Mart Inc's safety management system failed with regard to auditing and disciplining its employees, including John Doe, for safety violations; assembly violations; and unsafe acts in the use, operation, assembly, and maintenance of test and display swings;

o.  Defendant Wal-Mart Inc failed to have adequate safety management controls in place to remove employees such as John Doe who posed a risk to the shopping public. Defendant Wal-Mart Inc knew or should have known of John Doe's consistent pattern of unsafe activity and failed to adequately discipline him. By failing to remove John Doe that assembled the swing, Defendant Wal-Mart Inc ratified, authorized, condoned, and/or adopted his dangerous use, operation, assembly, and maintenance practices;

p.  Defendant Wal-Mart Inc failed to have adequate safety management controls in place regarding the investigation of the incident made the basis of this lawsuit to determine the root cause and the appropriate disciplinary action;

q.  Defendant Wal-Mart Inc failed to have adequate safety management controls in place to ensure John Doe was complying with safety regulations; and

r.  Defendant Wal-Mart Inc failed to have adequate safety management controls in place to ensure John Doe and other similar employees received and underwent training regarding the safe use and operation of test and display swings.

30. As a result of the negligence and/or gross negligence of Defendant Wal-Mart Inc**,** Plaintiff was caused to sustain severe and permanent personal injuries and damages as set forth herein.

## IX. DAMAGES OF PLAINTIFF LARRY RHEINLAENDER

31. As a direct and proximate result of the occurrence made the basis of this lawsuit, and the negligent acts and/or omissions of Defendants set out above, LARRY RHEINLAENDER suffered serious bodily injuries that resulted in personal physical injuries and other serious injuries. Because

of the nature and severity of the personal physical injuries sustained by LARRY RHEINLAENDER, he is entitled to monetary compensation for damages as set out further below, and which the jury deems just and fair, to include, but not limited to, the following which have been incurred in the past and, in all reasonable probability, will be sustained in the future.

    a. Reasonable medical care and expenses in the past. These damages were incurred by LARRY RHEINLAENDER for the necessary care and treatment resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services in Bexar County, Texas;

    b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

    c. Physical pain and mental anguish sustained in the past;

    d. Physical pain and mental anguish which will, in all reasonable probability, be incurred in the future;

    e. Physical impairment other than the ability to earn money sustained in the past;

    f. Physical impairment other than the ability to earn money which will, in all reasonable probability, be incurred in the future;

32. By reason of the above and foregoing, LARRY RHEINLAENDER hereby asserts a claim against Defendants for compensation of damages sustained. LARRY RHEINLAENDER asks that a fair and impartial jury be impaneled to assess the fair amount of compensation necessary to compensate him for the injuries and damages sustained as referenced above. LARRY RHEINLAENDER asks that a jury, after considering all of the evidence and reaching a fair and impartial verdict, award an amount within their discretion, but not to exceed an amount supportable by the evidence presented.

## X. PRE-JUDGMENT AND POST JUDGMENT INTEREST

33. Plaintiff seeks pre-judgement and post-judgement interest at the maximum legal rate.

## XI. CONDITIONS PRECEDENT

34. All conditions precedent to Plaintiff's right to recover and Defendants' liability have been performed or have occurred.

## XII. JURY DEMAND

35. Plaintiff requests a trial by jury and tenders the requisite fee.

## XIII. PRAYER

36. **WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that Defendants be cited to appear and answer herein and that upon trial, or a final hearing of this cause, judgement be entered for the Plaintiff against Defendants, jointly and severally, for the actual damages set out hereinabove, all to be determined by a fair and impartial jury (or judge if a jury trial is subsequently and affirmatively waived) that has fully weighed the evidence and facts and delivered its verdict in accordance with the Judge's instructions in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court, and for such other and further relief to which Plaintiff may be justly entitled at law or in equity.

Respectfully submitted:

*LAW OFFICE OF ROBERT F. WHITE, P.C.*
909 NE Loop 410, Suite 300
San Antonio, Texas 78209
Telephone: (210) 771-5766
Facsimile: (210) 428-6410

By:  */S/Robert F. White*
ROBERT F. WHITE
Email: rwhite1743@gmail.com
State Bar No. 24067934
*Attorney for Plaintiff*